Spear, J.
The relation of the parties with respect to the property in question, and the circumstances, showed that, by mutual understanding, the relation of landlord and tenant existed between plaintiffs and defendant. But ofie question, therefore, was to be determined by the trial, viz.: the amount of recovery for the rent to-be paid. The plaintiffs claimed that an agreement existed, between them and defendant, by which defendant undertook to pay rent at the rate of $1,000 a year. The verdict disposed of that claim, and it is unnecessary to consider it here.
At the trial, the plaintiff sought to prove, as a means of ascertaining the rental value oí the premises for the time occupied, the value of the property itself. To this an objection by defendant was sustained by the court, and the evidence excluded. This ruling is alleged as error. We see no error in the ruling. Proof of the value of the fee simple could hardly aid in ascertaining rental-value. The converse of the proposition might be true; indeed would be. But it is matter of common observation that many tracts of real estate of great value have no actual rental value. The evidence would have been misleading, and was, we think, properly excluded.
In cross-examination defendants counsel sought to show, by a witness called by plaintiff to prove rental value of the property for a year, what it was worth for three months only. Plaintiff’s objection was overruled and the evidence admitted. This is assigned'as error. The rental value for three months was one of the matters at issue, and hence was a proper subject of proof. Besides, the questions were legitimate as cross-examination. For the same reason the defendant was prop *592 erly permitted to give evidence in chief of the rental value of the premises for three months.
"We think the true rule applicable to the case by which the defendant’s liability was to be ascertained, was : What was the fair rental value of the premises as occupied by the defendant, for each of the two quarters which he occupied them, under all the circumstances of the case. This rule the trial judge recognized and enforced. His instructions to the jury were clear and impartial, and we think, as favorable to the plaintiffs as the law of the case would warrant.
Divers other errors are assigned as occurring at the trial. We have examined the record with respect to all these alleged errors, and are satisfied that no error is apparent on the record prejudicial to the plaintiffs.
In the justice’s court, before the trial, the defendant offered in one case to allow judgment to be taken against him for $125.00, with interest from April 1, 1881, (the end of the first quarter), and the costs then made; and in the other case1 for a like amount, with interest from July 1, 1881, (the end of the second quarter), with costs, each of which offers plaintiffs in open court refused to accept. In' rendering judgment, the court of common pleas ordered plaintiffs to pay the costs of defendant (save certain costs which had been adjudged by higher courts) accruing after the making of the offers. This is assigned as error. The claim is that the offers to confess were governed by section 6581 of the Revised Statutes. That section provides that if a defendant, any time before trial, make an offer in writing, to allow judgment to be taken against him for a specified sum, the plaintiff may then have judgment therefor, with the costs then accrued; but if he do not accept the offer before trial, and fail to recover a sum greater than the offer, he cannot recover costs accrued after the offer, but costs must be adjudged against him. This section is part of the justice’s code, and applies to actions pending before ajustice of the peace.
The general provision on the subject was enacted as section 498 of the Code of Procedure, which regulated practice in courts of record. It is now section 5141, Revised Statutes, *593 and provides that the defendant in an action for the recovery of money may offer in court to confess judgment, whereupon if the plaintiff refuse to accept and at the trial does not recover more than was so offered, and the interest thereon from the date of the offer, the plaintiff shall pay all the costs of defendant incurred after the offer was made.
These actions had been removed from the justice’s court by appeal to the court of Common pleas, and were there subject to the general rules of practice of that court. This is the spirit of section 6587 of the Revised Statutes, which is that “ The plaintiff in the court below shall be plaintiff in the court of common pleas; and the parties shall proceed, in all respects, in the same manner as though the action had been originally instituted in the said court.” Conformably with this provision pleadings are required to be filed, the jury selected, and the trial conducted and judgment rendered as in other suits for money there pending. Why should not the rule of the statute as to costs also apply? True, the offers were made in the justice’s court, and had the cases terminated there, the matter of costs would have been determined by the provision of section 6581. But the offers to confess judgment were carried with the other proceedings by the appeal to the common pleas, and the defendant had the rights thus given until the cases should be finally disposed of. That this section applies to cases like the one at bar, after appeal to the common pleas, was distinctly held by Day, J., in his opinion in Courtright v. Staggers, 15 Ohio St. 511. This holding seems to us well grounded in reason, and we are content to follow it in determining the question here. By force of the section, unless the plaintiffs should recover more than the sum offered, and interest from the date of the offer, they were liable for the costs of the defendant after the offer. Their recovery was a little less than that sum. We think the court of common pleas properly adjudged defendant’s costs accrued after the offers against the plaintiffs.
*594 This construction works out justice between the parties.. Had the plaintiffs accepted the offers, they would have had,, adding interest, as much money as the verdict entitled them to. The statute is intended to impose the expense of litigation-upon the party who wrongfully persists in continuing it. Its purpose is to discourage needless contention by placing on the-litigious party the risk of having his final recovery reduced by a liability for his antagonist’s costs. The litigation in this case-proceeded to determine whether the plaintiffs were entitled to-recover a judgment for a greater sum than the amounts offered^ The result showed that they were not; that beyond that, amount the plaintiffs’ claim was groundless, and in equity, and upon the reason of the statute, plaintiffs should pay the costs-made necessary by so unjustifiably prolonging the litigation.
Another view of the case leads to the same result. The instructions of the court required the jury to ascertain from the-evidence the amount due from the defendant as rent for each quarter, and then to the amount found for the first quarter add interest from April 1, 1881, to the first day of the term, and also ascertain the amount of rent due for the second quarter, and to that add interest from July 1, 1881, -to the first day of the term, and add all together, and make their verdict.for the gross sum. It must be presumed that the jury followed this direction. It is not unreasonable to construe the “ recovery” referred to in the statute as the recovery upon the cause of action, in this case for rent, the interest being a mere incident. That recovery by the verdict was a sum a trifle less than the-sums offered. So that, upon this view, the plaintiffs not having recovered a sum greater than the offers, were liable for defendant’s costs after the offers were made.

Judgment affirmed.